IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN F. COUNTS, | § | |
| | § | No. 537, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1202013053 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 24, 2015
Decided: February 11, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

### ORDER

This 11th day of February 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Ryan F. Counts, filed this appeal from his third violation of probation ("VOP") on a conviction and sentence imposed in 2012. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Counts' opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Del. Supr. Ct. R. 25(a).

(2) It appears that, in August 2012, Counts pled guilty to one count of Failure to Re-Register as a Sex Offender, a class G felony,[2] and was sentenced to two years at Level V imprisonment suspended for twelve months at Level II probation.[3] Thereafter, Counts was found guilty of VOP in October 2013 and January 2014. For the 2013 VOP conviction, Counts was resentenced to two years at Level V suspended for twelve months at Level II. For the 2014 VOP conviction, Counts was sentenced to two years at Level V suspended for twelve months at Level III probation. On appeal from the 2014 conviction and sentence, this Court affirmed the Superior Court's judgment.[4]

(3) In April 2015, Counts was charged by administrative warrant for having allegedly violated several conditions of his Level III probation. Following a hearing on September 9, 2015, the Superior Court found Counts guilty of VOP and sentenced him, under 11 *Del. C.* § 4204(k), to two years at Level V imprisonment followed by six months at Level IV work release. Under section 4204(k), Counts is required to serve the Level V term of imprisonment in its entirety, without the "benefit of any form of early release, good time, furlough,

---

[2] 11 *Del. C.* § 4120 (Supp. 2015).

[3] 11 *Del. C.* § 4205(b)(7) (2010).

[4] *Counts v. State*, 2014 WL 3530821 (Del. July 15, 2014).

work release, supervised custody or any other form of reduction or diminution of sentence."[5] This appeal followed.

(4) In his first claim on appeal, Counts alleges that the Superior Court violated certain Sentencing Accountability Commission ("SENTAC") policies when sentencing him under section 4204(k).[6] Citing to SENTAC Benchbook Policy Statements 29 and 30, Counts contends that a sentence under section 4204(k) was unwarranted because his case did not present "exceptional circumstances," and that the court failed to state on the record and in the sentencing order the reasons for imposing section 4204(k) in his case.[7]

(5) In his second and third claims on appeal, Counts contends that when it "became clear" at the September 9 VOP hearing that he intended to challenge the veracity of the probation officer's testimony, the Superior Court was "obligated to

---

[5] 11 *Del. C.* § 4204(k)(1).

[6] *See generally* 11 *Del. C.* ch. 65, subch. X (Sentencing Accountability Commission) (2010 & Supp. 2015).

[7] *See* Delaware Sentencing Accountability Commission Benchbook 27, 30 (2016). Policy No. 29 provides in relevant part that "[b]ecause [sentences of incarceration conditioned by section 4204(k)] add significant complexity to the management of the population of incarcerated offenders, and, if used indiscriminately, would substantially increase the prison population, [s]ection 4204(k) should be used by judges only in exceptional circumstances." Policy No. 30 provides in relevant part that "[s]ince imposition of a sentence pursuant to [section 4204(k)] is, in effect, a departure from the presumptive sentencing guidelines[,] the reason for use of [section 4204(k)] must be stated on the record and included in the sentencing order."

stop the VOP hearing and schedule a contested VOP hearing at a later date." Also, Counts contends that the Superior Court should have ordered a "*Franks* hearing."[8]

(6)    In his fourth claim on appeal, Counts alleges that the Superior Court Judge remarked at the September 9 VOP hearing that Counts had been "cut a break" on a Maryland drug charge for which Counts had been found not guilty. Counts contends that the alleged remark demonstrates that the Judge was biased against him and sentenced him with a "closed mind."

(7)    For the most part, Counts' claims on appeal allege errors occurring at the September 9 VOP hearing. The Court is unable to review those claims. As the appealing party, Counts was required to, but did not, furnish "a transcript of all evidence relevant to the challenged finding or conclusion . . . to give this Court a fair and accurate account of the context in which the claim of error occurred."[9] In the absence of the necessary transcript from the September 9 VOP hearing, the Court is without a sufficient record to review Counts' claims alleging errors occurring at the hearing.[10]

(8)    To the extent Counts claims that the September 9, 2015 sentence exceeded SENTAC guidelines due to the imposition of section 4204(k), his claim

---

[8] *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) (requiring a hearing when a defendant has made a "substantial preliminary showing" that the police "knowingly and intentionally, or with reckless disregard for the truth," relied on a false statement to establish probable cause).

[9] Del. Supr. Ct. R. 14(e). *See also* Del. Supr. Ct. R. 9(e)(ii) (governing designation of transcript).

[10] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

is without merit. It is well-settled that SENTAC guidelines are voluntary and non-binding and do not provide a basis for appeal of a sentence that is within statutory limits[11] as in this case.[12]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[11] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).

[12] *Supra* notes 2, 3.

5